IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ELLOYD JOHNSON | § | |
| v. | § | CIVIL ACTION NO. 9:12cv202 |
| RICK THALER | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Elloyd Johnson, proceeding *pro se*, filed this civil action complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named defendant is the Texas Department of Criminal Justice.

Johnson originally filed a habeas corpus petition under cause no. 9:12cv65 challenging prison disciplinary proceedings. He filed two motions for leave to expand the record to raise claims which did not sound in habeas corpus, and these were severed into two new lawsuits, under case no.'s 9:12cv201 and 9:12vc202.

In those two new cases, Johnson was ordered to file his complaint on a standard Section 1983 lawsuit form. Johnson complied with this order in cause no. 9:12cv201. His amended complaint asserted that on March 14, 2006, Officers Lamb, Sharp, and Bridges used excessive force on him, and Officer Aschberger delayed him from receiving medical care for some 12 hours. The Defendant Rick Thaler appeared to have been sued in his supervisory capacity.

After review of this amended complaint, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed because of the expiration of the statute of limitations. The Magistrate Judge also noted that Johnson had set out no valid basis for suing Thaler because the doctrine of

1

supervisory liability does not apply in Section 1983 cases. The district court adopted this recommendation and dismissed the lawsuit. Johnson's appeal of this dismissal is pending.

In case no. 9:12cv202, Johnson was also ordered to refile his complaint on a standard §1983 lawsuit form, but he did not comply with this order. On April 29, 2013, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court. Johnson filed objections to this Report on May 17, 2013.

In his objections, Johnson says that the Magistrate Judge erred by stating that he had filed "two motions to expand the record," when in fact one was a motion for emergency injunctive relief. He states that "at no time did this U.S. District Court magistrate order Plaintiff prior to filing civil action claim to file each claim on separate 1983 forms." The docket shows that on December 21, 2012, Johnson was informed that his motion entitled "Injunction with Leave for Expansion of Record" had nothing to do with the subject matter of his habeas petition or the fact or duration of his confinement, so it was being opened as a new civil rights lawsuit. This order directed Johnson to obtain a §1983 lawsuit form from the law library, fill it out, and submit it to the Court, placing him on notice that his lawsuit could be dismissed if he did not comply. No such form was ever filed in this case.

In a section of his objections entitled "Legal Analysis," Johnson contends that the Magistrate Judge erred in dismissing his complaint for failure to state a claim in his other lawsuit. He states that qualified immunity does not apply when a personal injury is alleged and mistreatment occurred, and that he showed standing to bring a colorable claim of deliberate indifference. Johnson goes on to discuss the statute of limitations, absolute immunity, supervisory liability, his amendment to add Warden Sweetin, and the doctrine of ripeness. None of these are germane to the sole basis for the Magistrate Judge's recommendation in the present case, which was that the lawsuit should be dismissed for failure to prosecute because Johnson was ordered to file an amended complaint and failed to do so; the amended complaint to which Johnson refers in his objections was filed in cause no. 9:12cv201, not the present case.

Because Johnson did not object to or even allude to the basis of the Magistrate Judge's recommendation, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 6) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice for failure to prosecute or to obey an order of the Court. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **23** day of **May, 2013.**

_____
Ron Clark, United States District Judge